UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COTTONWOOD COFFEE, INC., a South Dakota Corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>TRANSCEND COFFEE CORP., a Canadian Corporation,<br><br>          Defendant. | 4:25-CV-04065-CBK<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff filed this diversity action alleging breach of contract, breach of implied contract, and unjust enrichment arising out of the plaintiff's purchase of a coffee roaster from defendant and defendant's shipment of the same. Plaintiff claims that the coffee roaster arrived damaged, resulting in monetary damages to plaintiff. Plaintiff claims that the purchase contract required defendant to pay for the roaster to be crated for shipment, resulting in the receipt of a non-conforming good. Alternatively, plaintiff claims that the parties intended to be bound by an implied contract that defendant would properly crate the coffee roaster for shipment. Plaintiff contends that it paid for the roaster, conferring a benefit upon defendant, and that it would be an unjust enrichment for defendant to retain the payment without providing a conforming good.

Defendant was served and failed to file an answer or other response to the complaint. Plaintiff moved for a default under Fed. R. Civ. P. 55(a) and the Clerk of Courts entered a default. Defendant has thus admitted the allegations of liability. Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988).

Plaintiff also moved for a default judgment under Fed. R. Civ. P. 55(B) (sic). Plaintiff set forth in its memorandum in support of a default judgment that it is seeking a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Prior to entry of a default judgment under Rule 55(b)(2), the district must "consider whether the unchallenged facts set forth in plaintiff's complaint constitute a legitimate cause of action. Marshall v.

Baggett, 616 F.3d 849, 852 (8th Cir. 2010). Plaintiff has alleged that defendant breached an express or implied contract to assure the delivery of an undamaged product purchased by plaintiff from defendant, resulting in damages to plaintiff. I find that plaintiff's complaint sets forth a legitimate cause of action.

"It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Stephenson v. El-Batrawi, 524 F.3d 907, 915 (8th Cir. 2008) (quoting Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944). Pursuant to Fed. R. Civ. P 55(b)(2), when necessary for the determination of damages, the district court may conduct hearings. In this case, plaintiff has set forth in detail the amount of damages and costs it is claiming entitlement to, along with an affidavit and exhibits in support of its claimed damages and costs.

The record shows that defendant's breach resulted in direct damage to the coffee roaster requiring $73,000 to rebuild the roaster, lost production damages in the amount of $15,580, and moving and storage damages in the amount of $460. Plaintiff also seeks $463 in custom fees paid to receive the coffee roaster. Plaintiff has elected to retain the non-complying product rather than return it and therefore plaintiff is not entitled to compensation for custom fees. Plaintiff is entitled to total damages in the amount of $89,040.

Plaintiff requests attorneys' fees as part of its damages. "In a diversity case, state law generally governs the question whether there is a right to attorney's fees." Ferrell v. W. Bend Mut. Ins. Co., 393 F.3d 786, 796 (8th Cir. 2005).

> South Dakota follows the American rule of attorneys' fees, which provides that each party is responsible for their own fees. But an award of attorneys' fees is allowed when authorized by the parties' agreement or by statute. Thus, even if no statute authorizes an award of attorneys' fees, they are recoverable if the parties' contract so provides. The party requesting an award of attorneys' fees has the burden to show its basis by a preponderance of the evidence.

2

Stern Oil Co., Inc. v. Brown, 2018 S.D. 15, ¶ 44, 908 N.W.2d 144, 157 (internal citations and quotations omitted).  Plaintiff has identified no contract provision or statute authorizing the recovery of attorneys' fees.

Plaintiff is entitled to the assessment of costs int the amount of $405 in filing fees and $72.68 in service fees.  Total costs amount to $477.68.

Based upon the foregoing,

IT IS ORDERED that default judgment be entered by the Clerk in favor of plaintiff and against defendant in the amount of $89,040, plus costs in the amount of $477.68.

DATED this 29th day of June, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3